UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

AMBER SWINK,

    Plaintiff,

vs.

MONTGOMERY COUNTY BOARD
OF COMMISSIONERS, *et al.*,

    Defendants.

Case No. 3:16-cv-392

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

_____

**DECISION AND ENTRY: (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A STAY OF DISCOVERY (DOC. 19); AND (2) ORDERING A LIMITED STAY OF DISCOVERY WITH REGARD TO DEFENDANT JUDITH L. SEALEY FOR NINETY (90) DAYS**
_____

This 42 U.S.C. §1983 civil rights case is before the Court on the motion to stay discovery filed by Defendants Sheriff Phil Plummer, Judith L. Sealey, Chuck Crosby, Scott Landis, and the Montgomery County, Ohio Board of County Commissioners. Doc. 19. Plaintiff filed a memorandum in opposition. Doc. 21. Thereafter, Defendants filed a reply memorandum. Doc. 23. After briefing the motion, the parties filed notices of supplemental facts. Docs. 25, 26. The Court heard oral argument, on the merits of the motion, on May 30, 3017. Defendants' motion is now ripe for decision.[1]

**I.**

This case arises from an incident that occurred at the Montgomery County, Ohio Jail ("Jail") on November 15, 2015. Doc. 1 at PageID 3. On that date, Plaintiff Amber Swink was arrested and placed into the custody of Defendant Phil Plummer, the Montgomery County

---

[1] Under S.D. Ohio Local Rule 37.1, the Court can address discovery issues informally with the parties so as to minimize extensive briefing avoid delays in the discovery process. The Court notes that the parties in this case did not contact the undersigned in advance of filing this discovery motion.

1

Sheriff, at the Jail. *Id*. at PageID 3-4. Plaintiff was allegedly intoxicated and belligerent. *Id*. at PageID 4. As a result of her belligerence, Plaintiff was physically restrained in handcuffs and leg-restraints. *Id*. at PageID 4.

Despite being restrained, Plaintiff allegedly remained belligerent while at the Jail and Defendant Sealey purportedly pepper sprayed Plaintiff in an effort to stop her disruptive behavior. *Id*. Thereafter, Defendant Sealey ordered that Plaintiff be placed in a full restraint chair. *Id*. at PageID 4-5. Two corrections officers at the Jail -- who are not parties to this lawsuit -- complied with Defendant Sealey's order and Plaintiff remained restrained in the chair in an isolation room for over an hour-and-a-half. *Id*. Thereafter, Plaintiff began yelling and Defendant Sealey, after warning Plaintiff to stop yelling, allegedly pepper sprayed Plaintiff again until she became unconsciousness in the restraint chair and required revival by Jail medical personnel. *Id*. at PageID 4-5.

Plaintiff alleges that after the incident, Sealey failed to complete a use-of-force report as required by Jail policy. *Id*. at PageID 7-8. Further, Defendant Sealey's superiors, Defendants Crosby and Plummer -- despite knowing of the incident and Sealey's failure to complete the required report -- never demanded a report be completed. *Id*. at PageID 7-8. Instead, Defendants, knowing of potential criminal and civil litigation arising from the incident, allegedly conspired to destroy video and other evidence of the incident. *Id*. at PageID 8.

Plaintiff now brings this civil rights suit alleging a number of claims against Defendants Plummer, Sealey and Crosby in their individual and official capacities including, *inter alia*, claims of excessive force; maintaining unconstitutional customs, policies and procedures at the Jail; and failure to supervise and discipline Defendant Sealey. *Id*. at PageID 10-14. Defendants seek to stay all discovery in this case pending completion of criminal investigations by the United States Department of Justice and the City of Dayton. Doc. 19 at PageID 176. In support

of the requested stay of discovery, Defendants argue that, in light of the pending criminal investigations, they are placed in the position of having to choose between invoking their Fifth Amendment rights against self-incrimination and prejudice their defense of this civil suit, or waive their Fifth Amendment privilege against self-incrimination. *Id.*

With regard to criminal investigations, the Court notes that evidence presented by Defendants shows that there are potentially three prosecuting authorities who have investigated the incident: (1) the United States Department of Justice ("DOJ"); (2) the Montgomery County, Ohio Prosecutor; and (3) the City of Dayton. A grand jury in Montgomery County, Ohio declined to indict Defendant Sealey. Doc. 25-1 at PageID 243. A subpoena from the United States Attorney's Office for the Southern District of Ohio reveals a potential investigation into the conduct of Defendant Sealey. *See* doc. 19-1 at PageID 189-90. The City of Dayton may potentially bring misdemeanor criminal charges arising from the incident, but the information before the Court again shows that Defendant Sealey is the individual under investigation. *Id.* at PageID 185. To date, no criminal charges have been filed against anyone arising from the incident involving Plaintiff.

## II.

"[A] district court may stay a civil proceeding during the pendency of a parallel criminal proceeding" and the court maintains "broad discretion" in so deciding. *United States v. Certain Real Prop. 566 Hendrickson Blvd., Clawson, Oakland Cnty., Mich.*, 986 F.2d 990, 997 (6th Cir. 1993) (citation omitted); *see also F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). In considering requests for a stay during the pendency or impendency of criminal proceedings, courts must be cognizant that "simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)

(citations omitted). Even so, "[a] stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." *Id*. (citations omitted).

In determining whether justice requires a stay of proceedings, courts examine "the specific circumstances [of a case], taking into account the competing interests involved." *Id*. In addition to "the extent to which the defendant's [F]ifth [A]mendment rights are implicated[,]" district courts should also consider the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*F.T.C.*, 767 F.3d at 627. "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375-76 (D.C. Cir. 1980). Notably, "the burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the [O]rder." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (brackets added).

Here, there is no pending criminal case at this time.[2] The evidence presently before the Court demonstrates the existence of potential criminal investigations into the conduct of

---

[2] While requests for "a stay [are] strongest where the defendant has already been indicted," and "pre-indictment requests for a stay . . . are usually denied[,]" the Court notes that "a stay should not be categorically denied solely because the defendant has not yet been indicted." *Chao*, 498 F. Supp.2d at 1037-38. In fact, stays of discovery have been granted in instances where "the Government is conducting an active parallel criminal investigation." *Walsh Sec. Inc. v. Cristo Mgmt, Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998).

4

Defendant Sealy only[3] -- and there is no significant dispute that such potential investigations arise from the same facts and circumstances as those presented in this civil case. *See* doc. 19-1 at PageID 189 (specifically referencing Defendant Sealey and her use of force on Plaintiff on November 15, 2015). There is no significant evidence currently before the Court showing that any other Defendant is under the threat of potential imminent criminal prosecution for events related to the incident at issue herein. Accordingly, in an effort to limit the scope of a potential stay, the Court finds, in weighing all of the required factors, that Defendants fail to meet their burden of showing the need to stay of discovery from Defendants other than Defendant Sealey.

With regard to Defendant Sealey, the undersigned concludes that a limited, 90-day stay of interrogatories from, and a deposition of, Defendant Sealey is appropriate.[4] With regard to the third, fourth, fifth and sixth factors above, the Court notes that the November 21, 2017 discovery deadline set by the Court is approximately six months away. *See* doc. 21. Therefore, such a short, limited stay does not significantly impede upon Plaintiff's interests in expeditiously prosecuting this case. Plaintiff can still engage in other discovery efforts, including gathering relevant documents and materials from all Defendants, and deposing all witnesses other than Defendant Sealey. Further, given that a short stay will not result in a continuance of the current discovery deadline or delay the trial date, neither the Court's nor the public's interest will be significantly impacted. Accordingly, these factors do not weigh against ordering a short, limited

---

[3] The Court notes evidence presented by Plaintiff -- notably, a statement from Montgomery County Prosecutor Matias Heck, Jr. -- states that the Dayton Police Department was never tasked with investigating any allegations regarding the destruction of evidence. Doc. 25-1 at PageD 243. No evidence presently before the Court evidences any criminal investigation into allegations concerning the alleged destruction of evidence. Therefore, absent evidence of any criminal investigation in this regard, the Court finds no stay warranted on such basis.

[4] The Court, at this time, finds no need to impose any stay with regard to the production of documents from Defendants Sealey because she fails show any Fifth Amendment implications arising from such production. *See United States v. Pelto*, 941 F.2d 1210 (6th Cir. 1991) (stating that "the Fifth Amendment does not bar the compelled production of all evidence merely because it is incriminating but bars only compelled testimonial communication that is incriminating") (citing *Fisher v. United States*, 425 U.S. 391, 408 (1975)).

5

stay of discovery concerning interrogatory responses from, and the deposition of, Defendant Sealey.

### III.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion for a stay (doc. 19) and **STAYS** interrogatory responses and deposition testimony from Defendant Sealey for ninety (90) days. Prior to expiration of the stay, Defendants may move for an extension of the stay. In the absence of a motion by Defendants, the stay will automatically expire after ninety (90) days from the entry of this Order.

**IT IS SO ORDERED**.

Date:   May 31, 2017                                s/Michael J. Newman
                                                    Michael J. Newman
                                                    United States Magistrate Judge